## 21-10410

# United States Court of Appeals

*for the*

# Eleventh Circuit

POET THEATRICALS MARINE, LLC, POET PRODUCTIONS, LLC, POET TECHNICAL SERVICES, LLC, POET HOLDINGS, INC.,

*Plaintiffs/Appellees,*

– v. –

CELEBRITY CRUISES, INC.,

*Defendant/Appellant,*

ROYAL CARIBBEAN CRUISES, LTD., et al.,

*Defendants.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:20-cv-24619-CMA
(Hon. Cecilia M. Altonaga)

## INITIAL BRIEF OF APPELLANT

JOHN C. CAREY
JUAN J. RODRIGUEZ
NICHOLAS J. DOYLE
CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
(305) 372-7474

DAVID M. LEVINE
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue, Suite 750
Miami, Florida 33131
(305) 925-9947

*Counsel for Defendant/Appellant*

CP COUNSEL PRESS • VA – (804) 648-3664

Poet Theatricals Marine, LLC, et al v. Celebrity Cruises, Inc., No. 21-10410

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1(a) and Eleventh Circuit Rules 26.1-1 to 26.1-3, defendant-appellant Celebrity Cruises, Inc. ("Celebrity"), as and for its Certificate of Interested Persons and Corporate Disclosure Statement, provides the following alphabetical list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Altonaga, Hon. Cecilia M. (District Judge, Southern District of Florida);

- Carey, John C. (Counsel for Defendant-Appellant);

- Carey Rodriguez Milian, LLP (Counsel for Defendant-Appellant);

- Celebrity Cruises Inc. (Defendant-Appellant);

- Costco (Parent Corporation of Dismissed Co-Defendant) (NASDAQ: COST);

- Costco Travel (Dismissed Co-Defendant);

- Cruises Inc. (Dismissed Co-Defendant);

- CruiseOne, Inc. (Dismissed Co-Defendant);

- CruiseOne, Inc. d/b/a Dream Vacations (Dismissed Co-Defendant);

C-1

Poet Theatricals Marine, LLC, et al v. Celebrity Cruises, Inc., No. 21-10410

- Direct Line Cruises, Inc. (Dismissed Co-Defendant);

- Doyle, Nicholas J. (Counsel for Defendant-Appellant);

- Fuerst Ittleman David & Joseph (Counsel for Dismissed Co-Defendants);

- Greene, Craig M. (Counsel for Plaintiffs-Appellees);

- Hotelbeds Spain, S.L.U. (Parent Company of Dismissed Co-Defendant Tourico Holidays, Inc.);

- Joseph, Allan A. (Counsel for Dismissed Co-Defendants);

- Kramer, Green, Zuckerman, Greene & Buchsbaum, P.A. (Counsel for Plaintiffs-Appellees);

- Levine, David Matthew (Counsel for Defendant-Appellant);

- Mintz, Mark J. (Counsel for Plaintiffs-Appellees);

- Mintz Truppman, P.A. (Counsel for Plaintiffs-Appellees);

- Poet Holdings, Inc. (Plaintiff-Appellee);

- Poet Productions, LLC (Plaintiff-Appellee);

- Poet Technical Services, LLC (Plaintiff-Appellee);

- Poet Theatricals Marine, LLC (Plaintiff-Appellee);

- Proctor, Gray (Counsel for Plaintiffs-Appellees);

- Riess, Cheryl L. (Counsel for Plaintiffs-Appellees);

- Rodriguez, Juan J. (Counsel for Defendant-Appellant);

C-2

Poet Theatricals Marine, LLC, et al v. Celebrity Cruises, Inc., No. 21-10410

- Royal Caribbean Cruises Ltd. (NYSE: RCL) (Parent Corporation of Defendant-Appellant);

- Tourico Holidays, Inc. d/b/a LastMinuteCruise.com (Dismissed Co-Defendant);

- World Travel Holdings (Dismissed Co-Defendant).

## STATEMENT REGARDING ORAL ARGUMENT

The case before the Court concerns whether an unjust enrichment claim under Florida law is preempted by the Copyright Act when the state-law claim pertains to copyrightable materials.  Under the Copyright Act's preemption provision, courts must determine whether the rights at issue in the state law claim are equivalent to the rights enumerated in section 106 of the Copyright Act.  This analysis is known as the "extra element" test and requires courts to analyze the state-law claim to see if it requires an element instead of or in addition to the acts of reproduction, performance, distribution, or display.  The answer depends not on a rote comparison of elements but on whether an extra element makes the claim qualitatively different from a copyright infringement claim.  If not, the claim is preempted.

This Court has not had the opportunity to consider whether the Copyright Act preempts claims for unjust enrichment.  Other circuits have held such claims preempted.  The district court, however, held that preemption does not apply to the unjust enrichment claim asserted against Celebrity by appellees Poet Theatricals Marine, LLC; Poet Productions, LLC; Poet Technical Services, LLC; and Poet Holdings, Inc. (collectively, "Poet").

Although Celebrity believes the district court's decision to be erroneous, the issue is nevertheless one of first impression in this Circuit.  Thus, Celebrity believes that oral argument would be beneficial to the Court in this case.

i

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT ................................C-1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF CITATIONS ........................................................................ iii

STATEMENT OF SUBJECT-MATTER
AND APPELLATE JURISDICTION..............................................1

STATEMENT OF THE ISSUES..................................................................3

STATEMENT OF THE CASE....................................................................3

    I.    The Course of Proceedings and Dispositions
        in the District Court........................................................3

    II.    Statement of the Facts ........................................................6

    III.    Statement of the Standard of Review....................................8

SUMMARY OF THE ARGUMENT ....................................................9

ARGUMENT ................................................................................11

    I.    The Rights at Issue Fall Within the Subject Matter of
        Copyright....................................................................11

    II.    The Rights at Issue Are Equivalent to the Exclusive Rights of
        Section 106........................................................................12

        A.    Poet Pled No Right to a Royalty or Licensing Fee..................15

        B.    The Unjust Enrichment Claim Is Not Qualitatively
            Different from a Copyright Infringement Claim ......................19

        C.    The Copyright Act's Preemption Clause Is Meant to
            Ensure Uniformity....................................................26

CONCLUSION ........................................................................29

## TABLE OF CITATIONS

**Page(s)**

**Cases:**

*Appjigger GmbH v. BLU Prods., Inc.*,
  No. 15-22313-CIV-WILLIAMS, 2016 WL 4119720
  (S.D. Fla. Mar. 7, 2016) .........................................................................24

*ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
  402 F.3d 700 (6th Cir. 2005) ..................................................................23

*AVKO Educ. Research Found. Inc. v. Wave 3 Learning Inc.*,
  No. 15-cv-3393, 2015 WL 6123547 (N.D. Ill. Oct. 15, 2015)...................... 14, 16

*Baiul v. NBC Sports, a Div. of NBCUniversal Media LLC*,
  708 F. App'x 710 (2d Cir. 2017) ..........................................................22

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004) ................................................... 21, 22, 23

*Cadkin v. Loose*,
  No. CV 08-1580, 2008 WL 11336390 (C.D. Cal. Apr. 24, 2008) ............... 14, 16

*Carlsbad Tech, Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009).................................................................................2

*Clark v. Daby*,
  751 N.Y.S.2d 622 (N.Y. App. Div. 2002)..........................................................21

*Compco Corp. v. Day-Brite Lighting, Inc.*,
  376 U.S. 234 (1964)...............................................................................27

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
  982 F.2d 693 (2d Cir. 1992) ....................................................... 13, 19

*Crow v. Wainwright*,
  720 F.2d 1224 (11th Cir. 1983) ................................................. 5, 11, 12

*Davis v. DreamWorks Animation SKG, Inc.*,
  No. 08-80506-Civ, 2009 WL 10700120 (S.D. Fla. May 14, 2009) ............. 14, 24

*Ehat v. Tanner*,
  780 F.2d 876 (10th Cir. 1985) ...........................................................23

*Foley v. Luster*,
  249 F.3d 1281 (11th Cir. 2001) ................................................... *passim*

*Forest Park Pictures v. Universal Television Network, Inc.*,
 683 F.3d 424 (2d Cir. 2012) ............................................................ 20, 21

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
 139 S. Ct. 881 (2019)..........................................................................27

*Gaming Corp. of Am. v. Dorsey & Whitney*,
 88 F.3d 538 (8th Cir. 1996) ...............................................................8, 9

*Kamakazi Music Corp. v. Robbins Music Corp.*,
 684 F.2d 228 (2d Cir. 1982) ................................................................25

*LTVN Holdings, LLC v. Odeh*,
 No. CCB-09-789, 2010 WL 2612690 (D. Md. June 25, 2010)............................24

*MCA Television Ltd. v. Feltner*,
 89 F.3d 766 (11th Cir. 1996) ...............................................................25

*Mourabit v. Klein*,
 816 F. App'x 574 (2d Cir. 2020) ..........................................................22

*MSP Recovery, LLC v. Allstate Ins. Co.*,
 835 F.3d 1351 (11th Cir. 2016) ..............................................................2

*Murray Hill Publ'ns, Inc. v. ABC Comm'cns, Inc.*,
 264 F.3d 622 (6th Cir. 2001) ...............................................................22

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
 105 F.3d 841 (2d Cir. 1997) ................................................................25

*Psychic Readers Network, Inc. v. Take-Two Interactive Software, Inc.*,
 No. 17-61492-CIV-DIMITROULEAS, 2018 WL 1517690
 (S.D. Fla. Feb. 5, 2018)..........................................................................24

*R.W. Beck, Inc. v. E3 Consulting, LLC*,
 577 F.3d 1133 (10th Cir. 2009) ...........................................................22

*Reed Elsevier, Inc. v. Muchnick*,
 559 U.S. 154 (2010)..............................................................................22

*Ritchie v. Williams*,
 395 F.3d 283 (6th Cir. 2005) ...............................................................23

*Ross v. Apple, Inc.*,
 No. 16-61471-CIV-WILLIAMS, 2016 WL 8808769
 (S.D. Fla. Dec. 30, 2016) ......................................................................24

iv

*Spinelli v. Nat'l Football League*,
  96 F. Supp. 3d 81 (S.D.N.Y. 2015) ....................................................24

*Taylor v. Trapeze Mgmt., LLC*,
  No. 0:17-cv-62262, 2018 WL 9708619 (S.D. Fla. Mar. 26, 2018)............... 13, 19

*Tolbert v. High Noon Prods., LLC*,
  No. 4:18-cv-00680, 2019 WL 127363 (N.D. Ala. Jan. 8, 2019) ...........................5

*Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*,
  596 F.3d 1313 (11th Cir. 2010) .................................................... 15, 18

*Virgilio v. Ryland Grp., Inc.*,
  680 F.3d 1329 (11th Cir. 2012) .................................................... 13, 18

**Statutes & Other Authorities:**

U.S. Const. Art. I, § 8, cl. 8...................................................................27

17 U.S.C. § 101(a) .............................................................................. 12

17 U.S.C. § 102(a) ...............................................................................12

17 U.S.C. § 106 ...................................................................................12

17 U.S.C. § 301(a) ........................................................................ 1, 11, 12

1976 U.S.C.C.A.N. 5659 ................................................................ 26, 27

28 U.S.C. § 1331.....................................................................................1

28 U.S.C. § 1338(a) ................................................................................1

28 U.S.C. § 1367(c) ................................................................................2

28 U.S.C. § 1441.....................................................................................1

28 U.S.C. § 1447(d) ................................................................................2

Eleventh Circuit R. 26.1-1–26.1-3 .........................................................1

Fed. R. App. P. 26.1(a) ...........................................................................1

Fed. R. App. P. 32(a)(5).........................................................................30

Fed. R. App. P. 32(a)(6).........................................................................30

Fed. R. App. P. 32(a)(7)(B) ...................................................................30

H.R. Rep. No. 94-1476 ..................................................................... 26, 27

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1][g].... 23

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 10.15 ............... 26

Roger M. Milgrim, *Milgrim on Trade Secrets* § 2.06A[3] ...................................19

William F. Patry, *Patry on Copyright* § 18:51 ......................................................23

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

Poet filed a complaint in Florida state court against Celebrity, its parent corporation Royal Caribbean Cruises Ltd., and nine travel agencies. The twenty-one-count complaint asserted claims for conversion and unjust enrichment against Celebrity, unjust enrichment against each of the other defendants, and additional claims against Celebrity for vicarious liability for the travel agencies' alleged unjust enrichment. All claims were based on the alleged improper display by the defendants of video recordings and photographs of Poet's theatrical shows performed on Celebrity's cruise vessels.

Celebrity, joined by the other defendants, removed the case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1441 on the grounds that Poet's complaint, as filed in Florida state court, presented a federal question under 28 U.S.C. § 1331. Doc. 1 - Pg. 2, ¶ 7. Specifically, Celebrity and the other defendants asserted that the preemption clause of the Copyright Act, 17 U.S.C. § 301(a), completely preempted Poet's claims of unjust enrichment and conversion such that the claims are deemed to arise under the Copyright Act, for which federal courts have exclusive subject matter jurisdiction under 28 U.S.C. § 1338(a). Doc. 1 - Pg. 8–14, ¶¶ 21–39.

In denying Poet's motion to remand, the district court agreed there is federal question jurisdiction under the doctrine of complete preemption, Doc 42 - Pg. 5–6,

17–19, and applied copyright preemption in dismissing twenty of the twenty-one claims asserted in Poet's complaint, including all claims against the other defendants and the conversion and vicarious liability claims against Celebrity, *id*. at 19. However, after "[h]aving dismissed the claims of Plaintiffs' Complaint giving rise to a basis for federal jurisdiction," *id*., the district court found that it was left with only one remaining claim, the claim for unjust enrichment against Celebrity, which the court found not to be preempted and therefore not to present a federal question, Doc. 42 - Pg. 9–20. The court then declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over that claim and sua sponte remanded it to state court, *id.* at 19.

The Supreme Court and this Court have made clear that appellate review lies where, as here, a district court remands a claim to state court after declining to exercise supplemental jurisdiction, notwithstanding the limitations of 28 U.S.C. § 1447(d). *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640–41 (2009); *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1362 (11th Cir. 2016).

This appeal was timely filed. The district court's sua sponte remand order was entered on January 28, 2021, Doc. 42 - Pg. 20, and Celebrity filed its notice of

2

appeal on February 7, 2021, Doc. 46. This Court therefore has jurisdiction over the instant appeal.[1]

## STATEMENT OF THE ISSUES

The Copyright Act contains a preemption provision that bars state-law claims pertaining to copyrightable materials unless the claims require an extra element instead of or in addition to "the acts of reproduction, performance, distribution, or display." *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001). Poet sued Celebrity for, inter alia, unjust enrichment under Florida law, based on Celebrity's alleged use of video recordings and pictures in promotional materials.

The district court's order declining to exercise supplemental jurisdiction over Poet's unjust enrichment claim against Celebrity and remanding that claim to state court was predicated on the court's finding that the claim was not preempted by the Copyright Act. The issue on appeal is whether that finding was erroneous. If the claim is preempted by the Copyright Act, it arises under federal law and should not have been remanded to state court.

## STATEMENT OF THE CASE

## I.    The Course of Proceedings and Dispositions in the District Court

On September 29, 2020, Poet filed a complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging

---

[1]     Poet did not appeal the district court's dismissal of any of its claims on copyright preemption grounds or the denial of its motion to remand.

conversion, unjust enrichment, and vicariously liability for unjust enrichment, based on the use of various materials Poet claimed to own. Doc. 1-2 - Pg. 5–28. These materials were "video recordings and still photographs" of Poet's shows on Celebrity's vessels, which were performed pursuant to certain contracts that had expired. Doc. 1 - Pg. 8–9 (quoting Doc. 1-2 - Pg. 8–10, ¶¶ 21, 24–26). The case was removed to the United States District Court for the Southern District of Florida on the ground that the state-law claims were completely preempted by federal copyright law. Doc. 1.

Poet moved to remand the case to state court. Doc. 30. In its motion, Poet admitted that it brought a claim for unjust enrichment rather than breach of contract "because the contracts have expired." Doc. 30 - Pg. 8; *see also id.* at 9 ("Poet's use of unjust enrichment is simply acknowledging that actions outside the scope of a[n expired] contract cannot be said to breach that contract.").

After briefing, the district court denied the motion to remand, finding twenty of the twenty-one alleged claims preempted—including the conversion claim against Celebrity, all vicarious liability claims against Celebrity, and all unjust enrichment claims against the other defendants—and dismissed each of those claims.[2] Doc. 42

---

[2]    Poet conceded in briefing that none of the materials that are the subject of the complaint have been registered with the Copyright Office, so the district court dismissed without prejudice every preempted claim for failing to state a claim. Doc. 42 - Pg. 11 n.9 (citing Doc. 30 - Pg. 3 n.2).

- Pg. 19–20.  The court looked to the copyright preemption precedent of this Court, which provides a two-part test to determine whether a state-law claim is preempted by the Copyright Act's preemption provision.  *Id.* at 6 (citing *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983)).

The first part of the test requires determining if the rights at issue pertain to copyrightable materials.  *Id.* at 6–7.  In this case, the district court found that the conversion and unjust enrichment claims involved displaying "video recordings and still photographs," which the court correctly determined were clearly within the subject matter of copyright.  *Id.* at 7.

The second part of the test is referred to as the "extra element test"; under this test, "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution[,] or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption."  *Id.* at 6 (alteration in original) (quoting *Foley*, 249 F.3d at 1285).  Even if there is an extra element, the court must "determine if the state law claim includes a qualitatively different element."  *Id.* at 8 (quoting *Tolbert v. High Noon Prods., LLC*, No. 4:18-cv-00680, 2019 WL 127363, at *7 (N.D. Ala. Jan. 8, 2019)).

The district court considered the elements of conversion and unjust enrichment under Florida law and determined that Poet's claim of conversion against

5

Celebrity, its claims of vicarious liability against Celebrity for the alleged unjust enrichment by the travel agencies, and its claims of unjust enrichment against the other defendants were not qualitatively different from a copyright infringement action. *Id.* at 9–11, 13–17. With respect to the unjust enrichment claim against Celebrity, however, the court found that Poet had alleged a "right" to royalties and licensing fees and that such alleged right provided an additional element that was not present in a copyright infringement claim, saving the unjust enrichment claim from preemption. *Id.* at 11–13. Although the court had found federal subject matter jurisdiction to exist based on the complete preemption of the other asserted claims, as those other claims were dismissed, the court declined to exercise supplemental jurisdiction over the remaining state-law unjust enrichment claim, *id.* at 19, and sua sponte remanded it to state court, *id.* at 19–20.[3]

Celebrity appeals that order because the district court erred in finding the unjust enrichment claim against Celebrity not preempted by copyright law.

## II.    Statement of the Facts

The complaint alleges that Poet had previously developed and produced theatrical shows for, and then performed the shows on, Celebrity's cruise vessels,

---

[3]    The state court proceeding has been stayed pending the outcome of this appeal. *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, No. 2020-020903-CA-01 (Fla. Cir. Ct. 11th Apr. 11, 2021).

pursuant to now-expired agreements between the parties. Doc. 1-2 - Pg. 7–8, ¶¶ 18–20. The complaint makes clear that the rights at issue concern Celebrity's alleged use of "video recordings and still photographs" of those shows following termination of the agreements. *Id.* at 8–10, ¶¶ 21, 24–26; *see also id.* at 13–27, ¶¶ 39–110.

The complaint alleges that the now-expired agreements had defined "Project Materials" as "the intellectual property of" Poet that encompassed, inter alia, "pictures, audio video, . . . photographs, pictures, sound recordings, . . . and all other works of authorship provided by [Plaintiffs], and all . . . copies and physical embodiments thereof, together with all images, likenesses, voices and other characteristics contained there, including all worldwide rights therein under . . . ***copyright***." *Id.* at 9, ¶ 23 (emphasis added).

Poet alleges that Celebrity at one time had a license to use such video recordings and still photographs under licensing terms of certain agreements, *id.* at 8–9, ¶ 22, but that Celebrity "continued to use those video recordings and still photographs of scenes in Poet's shows in promotional materials about cruises aboard vessels in Celebrity's fleet following termination of the agreements between Poet and Celebrity," *id.* at 9, ¶ 24. The gravamen of the complaint is that Celebrity allegedly reproduced and displayed those video recordings and photographs after termination of the agreements and without Poet's authorization; thus, the complaint alleged the "video recordings and still photographs . . . were displayed on Celebrity's

7

own websites," *id.* at 9, ¶ 25, "appeared . . . in various digital and print brochures and posters," *id.* at 9–10, ¶ 25, and are "used . . . on Celebrity's YouTube channel as well as on Celebrity's Press Center website where it invites media to request downloadable files of the video," *id.* at 10, ¶ 25.

In Count II of the complaint against Celebrity, Poet asserts a claim for unjust enrichment and repeats the allegations that its asserted intellectual property includes the "creations embodied in the images and recordings of Poet's shows," *id.* at 11, ¶ 33, and that "[f]ollowing the expiration of the agreements under which Celebrity was granted a limited license to use Poet's intellectual property," Celebrity "wrongfully continued to use [Poet's intellectual property] in its websites . . . and continues to use it to date in certain promotional materials," *id.* ¶ 32. Count II concludes with a "Wherefore" clause setting forth a prayer for relief wherein Poet states that it "seeks damages in the amount of the royalties, license fees, and other fees and charges owing to Poet that were not previously sought or recovered." *Id.* at 12. The prayers for relief in each of Counts III–XXI asserted against Celebrity and the other defendants contain the exact same language. *See id.* at 12–28.

## III.    Statement of the Standard of Review

A district court has no discretion to remand a claim that states a federal question. *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 538, 542 (8th Cir.

1996).[4]  The existence of a federal question is an issue of law that is reviewed de novo.  *Id.*

## SUMMARY OF THE ARGUMENT

Poet's unjust enrichment claim meets both parts of this Court's test for copyright preemption.  The district court found that video recordings and still photographs plainly fall within the subject matter of copyright (a determination that Poet did not even dispute).  But the district court then found Poet's unjust enrichment claim to be qualitatively different from a copyright infringement claim on the basis that Poet alleged a right to royalties and licensing fees.  That finding is erroneous for several reasons, and the district court's resulting decision as to that claim should be reversed.

First, although the district court characterized Poet's claim as seeking royalties or licensing fees, even Poet concedes there was no license or other agreement in effect during the period relevant to this action.  That is precisely why Poet brought a claim for unjust enrichment rather than breach of contract.  The allegation of a right to royalties or licensing fees merely stated the remedy that Poet

---

[4] The district court correctly held that the conversion and vicarious liability claims against Celebrity, and all of the unjust enrichment claims against the other defendants, were completely preempted by the Copyright Act and therefore stated federal questions.  Doc. 42 - Pg. 5–6, 10–11, 13–16, 18–19.  Poet did not appeal those rulings.

sought, not the claim that Poet asserted, and as such could not supply the extra element necessary to avoid preemption.

Second, a claim based on a theory of unjust enrichment (or implied-in-law contract, as Poet characterized it in moving to remand) does not require proof of an extra element of any consequence compared to a copyright claim. In both claims, the plaintiff seeks damages for the defendant's alleged unauthorized use of copyrightable subject matter. Accordingly, other circuit courts of appeals have repeatedly held such claims preempted. The leading treatises on copyright law support the same conclusion.

Third, maintaining the course already established by courts and commentators and holding claims for unjust enrichment preempted will serve the goal of uniformity, which is the express purpose of the preemption provision of the Copyright Act. Preemption is especially warranted where, as here, a plaintiff concedes that it is bringing a state-law claim instead of a copyright claim precisely because it has not bothered to register the alleged copyright.

The district court's decision failing to find the unjust enrichment claim against Celebrity to be preempted is erroneous, and the resulting order remanding that claim to state court should be reversed.

## ARGUMENT

The Copyright Act contains a preemption provision, which provides that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  This Court has employed a two-part test in determining if a state-law claim is preempted by this provision.  State-law claims are preempted if the rights at issue (1) "fall within the subject matter of copyright set forth in sections 102 and 103," *Crow*, 720 F.2d at 1226, and (2) "are 'equivalent to' the exclusive rights of section 106," *id.* (quoting § 301(a)).  The Florida unjust enrichment claim advanced in Poet's state court complaint meets both prongs.  Thus, it is preempted by the Copyright Act, and the district court's decision holding otherwise and remanding that claim to state court should be reversed.

## I.    The Rights at Issue Fall Within the Subject Matter of Copyright

As with all the claims asserted in the complaint, the district court held that Poet's unjust enrichment claim met the first part of the preemption test.  Doc. 42 - Pg. 7 ("Plaintiffs' claims plainly come within the subject matter of copyright.").  Poet did not dispute that determination before the district court, Doc. 42 - Pg. 7 n.3, and it has not appealed that determination here.

11

Nor could there be any legitimate debate about the issue. Poet's complaint alleges that Celebrity used "video recordings and still photographs of scenes from Poet's shows in promotional materials," Doc. 1-2 - Pg. 9, ¶ 24, and that Celebrity "enjoy[s] a commercial advantage by the use of the images and recordings," *id.* at 10, ¶ 26. Video recordings and still photographs are clearly within the subject matter of copyright. *See* 17 U.S.C. § 102(a) (listing pictorial works, motion pictures and other audiovisual works among those subject to copyright); *id.* § 101 (defining pictorial works and audiovisual works).

The rights asserted by Poet plainly fall within the subject matter of copyright, satisfying the first part of the preemption test.

## II.   The Rights at Issue Are Equivalent to the Exclusive Rights of Section 106

Section 106 of the Copyright Act provides a copyright owner with the exclusive rights to "reproduce" the copyrighted work, "prepare derivative works" based on the copyrighted work, "distribute copies" of the copyrighted work, "perform the copyrighted work publicly," and "display the copyrighted work publicly." 17 U.S.C. § 106.

Whether asserted rights "are 'equivalent to' the exclusive rights of section 106," *Crow*, 720 F.2d at 1226 (quoting § 301(a)), is determined by applying the extra element test. *See id.* at 1225–26. The extra element test analyzes the state-law claim to see "if an extra element is ***required*** instead of or in addition to the acts of

12

reproduction, performance, distribution, or display, ***in order to constitute a state-created cause of action***." *Foley*, 249 F.3d at 1285 (emphasis added) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)). However, this analysis is not a "rote comparison of the elements of a copyright claim against the state law claim asserted." *Taylor v. Trapeze Mgmt., LLC*, No. 0:17-cv-62262, 2018 WL 9708619, at *4 (S.D. Fla. Mar. 26, 2018). The Court must determine if the extra element "changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Foley*, 249 F.3d at 1285 (quoting *Comput. Assocs.*, 982 F.2d at 716).

The elements of an unjust enrichment claim under Florida law are that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). Here, Poet alleges that Celebrity was unjustly enriched by continuing to display images and recordings of Poet's shows in Celebrity's promotional materials after the end of their contractual relationship. Doc. 1-2 - Pg. 11–12, ¶¶ 32–34.

This claim does not have an extra element compared to a copyright claim. The gravamen of Poet's unjust enrichment claim is the alleged displaying of copyrightable materials (video recordings and photographs). Nothing additional

need be proven that would qualitatively distinguish the unjust enrichment claim from a copyright infringement claim. The second part of the preemption test is satisfied.

The district court, however, concluded otherwise. The court read Poet's complaint to assert a "right" to royalties and licensing fees and that such an allegation established the extra element necessary to avoid copyright preemption:

> Plaintiffs incorporate one additional allegation against Celebrity: Plaintiffs' right to royalties and licensing fees for Celebrity's use of Plaintiffs' intellectual property based upon the agreed licensing terms between Plaintiffs and Celebrity. Plaintiffs' additional allegation introduces an extra element (expectation and agreement of payment) that changes the nature of the claim. Plaintiffs' unjust enrichment claim is thus not preempted by the Copyright Act. *See Davis v. DreamWorks Animation SKG, Inc.*, No. 08-80506-Civ, 2009 WL 10700120, at *4 (S.D. Fla. May 14, 2009), vacated in part on other grounds, 2009 WL 10700121 (S.D. Fla. Sept. 3, 2009) (unjust enrichment claim not preempted because it was based on the parties' "mutual understanding . . . that compensation was to be paid as part of the business relationship." (alteration added)); *Cadkin v. Loose*, No. CV 08-1580, 2008 WL 11336390, at *3 (C.D. Cal. Apr. 24, 2008) (unjust enrichment claim not preempted because it was based on a "violation of the parties' contract," rather than unauthorized use of copyrightable materials, and alleged the extra element of "expectation of compensation by both parties[]" (alteration added; quotation marks omitted)); *cf. AVKO Educ. Research Found. Inc. v. Wave 3 Learning Inc.*, No. 15-cv-3393, 2015 WL 6123547, at *5 (N.D. Ill. Oct. 15, 2015) (unjust enrichment claim not preempted in part because the claim relied "on the failure to pay royalties and licensing revenues from an agreement[]" (alteration added)).

Doc. 42 - Pg. 12–13 (footnote and record citation omitted).

14

The district court's exclusive reliance on three unreported decisions by other district courts should sound alarm bells because preemption of unjust enrichment claims has been the subject of many federal appellate decisions that the district court failed to address. *See infra* Section II.B. And indeed, the district court's decision is erroneous in several respects: first, it is undisputed that the contracts between the parties had expired, so Poet had no "right to royalties and licensing fees"; second, the state-law unjust enrichment claim is not qualitatively different from a copyright infringement action, which is why federal appellate courts across the country have held unjust enrichment claims preempted by the Copyright Act; and third, the purpose of the Copyright Act's preemption clause is to create a consistent field for copyright, and the district court's decision frustrates that purpose.

## A. Poet Pled No Right to a Royalty or Licensing Fee

Contract claims are the prime example of claims that escape copyright preemption because the requirements of an agreement between the parties and a breach of that agreement sufficiently distinguish contract claims as to render them qualitatively different from copyright claims. *See, e.g.*, *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1326–27 (11th Cir. 2010) (holding preemption inapplicable because "[t]o succeed on its breach of contract claims, Utopia must prove a valid license agreement, which constitutes an 'extra element'"). Two of the three unreported decisions cited by the district court exemplify this point.

*Cadkin*, 2008 WL 11336390, at *3 (holding preemption inapplicable where unjust enrichment claim was based on "violation of the parties' contract"); *AVKO*, 2015 WL 6123547, at *5 (N.D. Ill. Oct. 15, 2015) (holding preemption inapplicable where unjust enrichment claim was based on "the failure to pay royalties and licensing revenues from an agreement").

Here, however, Poet's unjust enrichment claim is not based on the violation of any contractual right. There was no contractual relationship in effect between Poet and Celebrity during the period of time covered by Poet's unjust enrichment claim, which is precisely why Poet sued for unjust enrichment rather than breach of contract. As the complaint acknowledges, three years elapsed between the expiration of the most recent contract between the parties and "Poet's discovery of the misappropriation and wrongful use of its intellectual property." *Compare* Doc. 1-2 - Pg. 8, ¶ 20 (stating an end date of March 19, 2016, for the most recent contract), *with id.* at 10, ¶ 27 (stating a general discovery date of 2019). The complaint also describes Celebrity's use of the video recordings and still photographs as "far beyond the limited license *it once had*." *Id.* at 10, ¶ 26 (emphasis added). Poet further conceded this point in its motion to remand, stating that a breach of contract action was not possible because the contracts between the parties had expired. Doc. 30 - Pg. 8. And Poet does not claim that any of the expired contracts contain a continuing right to royalties after their expiration. Thus, no contractual relationship

16

existed, nor had one existed for three years, at the time of Celebrity's alleged acts of unjust enrichment.

Nothing on the face of the complaint points to Poet having a right to a royalty or licensing fee. The passage cited by the district court in support of finding such a right, states, in its entirety,

> Following the expiration of the agreements under which Celebrity was granted a limited license to use Poet's intellectual property on Celebrity's vessels, Celebrity wrongfully continued to use it in its websites worldwide without a license permitting its use, and continues to use it to date in certain promotional materials.

*Id.* at 11, ¶ 32; *see also* Doc. 42 - Pg. 12 (citing to Doc. 1-2 - Pg. 11, ¶ 32). There is no language in that passage containing any statement of right to royalties or fees of any kind. Indeed, the complaint states that "Celebrity's receipt of the benefits and privileges Poet has conferred without paying royalties . . . constitutes unjust enrichment." Doc. 1-2 - Pg. 11–12, ¶ 34. A "right" to royalties or fees is not once mentioned in the allegations making up Poet's unjust enrichment claim against Celebrity; nor could one be, as there was no contractual relationship between the parties.

Nor does Poet have to establish a right to royalties or licensing fees to prove its claim of unjust enrichment. The elements of an unjust enrichment claim under Florida law—that "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances

17

are such that it would be inequitable for the defendants to retain it without paying the value thereof," *Virgilio*, 680 F.3d at 1337—do not include a right to royalties or licensing fees. Such a right is therefore not ***required in order to constitute*** the state-law claim of unjust enrichment, *see Foley*, 249 F.3d at 1285; all that need be proved by Poet is that Celebrity was unjustly enriched by displaying the recordings and images. Poet admitted as much in its motion to remand when it explained why it pled an unjust enrichment claim: "Poet's use of unjust enrichment 'is simply acknowledging that actions outside the scope of a[n expired] contract cannot be said to breach that contract.'" Doc. 30 - Pg. 9 (quoting *Utopia Provider Sys., Inc.*, 596 F.3d at 1327).

Because a right to royalties or licensing fees is not required to establish unjust enrichment, it is not an extra element as it pertains to the preemption analysis. Rather, it is simply a remedy that Poet seeks. A plain reading of the complaint is that royalties and licensing fees are the measure of the damages sought by Poet for its unjust enrichment claim. The unjust enrichment count of the complaint ends with a "Wherefore" clause setting forth Poet's prayer for relief, wherein Poet states that it seeks damages in the amount of royalties and license fees. Doc. 1-2 - Pg. 12, ¶ 34. Royalties and licensing fees are thus the measure of damages that Poet seeks, not the right that Poet asserts was violated.

18

Notably, an identical prayer for relief setting forth an identical request for damages "in the amount of the royalties, license fees, and other fees and charges owing to Poet" is set forth in each of Counts III–XXI.  Despite such references to royalty-type damages in those counts, the district court found all of them to be preempted and dismissed them, rulings that Poet has not appealed.

Poet has no "right" to royalties or licensing fees because there is indisputably no extant agreement; damages "in the amount of . . . royalties" are merely the proposed remedy.  As royalties and licensing fees are merely alleged to be proposed remedies, the district court erred in treating them as an extra element of the cause of action that defeats preemption.

### B. The Unjust Enrichment Claim Is Not Qualitatively Different from a Copyright Infringement Claim

The extra element test is not a "rote comparison of the elements of a copyright claim against the state law claim asserted." *Taylor*, 2018 WL 9708619, at \*4.  The Court must determine if the extra element "changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Foley*, 249 F.3d at 1285 (quoting *Comput. Assocs.*, 982 F.2d at 716).  To do this, a court should look to "what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Comput. Assocs.*, 982 F.2d at 716 (quoting 1 Roger M. Milgrim, *Milgrim on Trade Secrets* § 2.06A[3], at 2-150 (1992)).

19

Considering that this Court's decision in *Foley* follows the reasoning of the Second Circuit's decision in *Computer Associates*, it is instructive to consider other copyright preemption decisions in the Second Circuit, which has had more opportunities to address the subject. And the Second Circuit's decisions have uniformly held unjust enrichment claims preempted.

Particularly instructive is *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424 (2d Cir. 2012). Poet argued before the district court that its unjust enrichment claim was in essence a claim based on a contract implied at law. Doc. 30 - Pg. 8 ("It is well established that a cause of action for unjust enrichment is a 'quasi-contract', a 'contract implied at law' or an 'implied contract.'"); *id.* at 9 (referring to the unjust enrichment claim as a "quasi contract cause of action"). And while the district court did not explicitly adopt Poet's quasi-contract theory, its reliance on Poet's allegation of a "right to royalties and licensing fees," Doc. 42 - Pg. 12, suggests as much. The decision in *Forest Park* explains why theories of unjust enrichment and implied-in-law contract are alike preempted:

> There is, however, a significant difference for preemption purposes between contracts implied-in-fact and contracts implied-in-law. Theories of implied-in-law contract, quasi-contract, or unjust enrichment differ significantly from breach of contract because the plaintiff need not allege the existence of an actual agreement between the parties. *See* 1–1 Corbin on Contracts § 1.20 ("A contract 'implied in law' is a fictitious contract. . . . A contract 'implied in fact' is a true contract that arises from the tacit agreement of the parties."). Under these quasi-contractual theories, the plaintiff need only prove that the

> defendant was unjustly enriched through the use of her idea or
> work. Such a claim is not materially different from a claim for
> copyright infringement that requires a plaintiff to prove that the
> defendant used, reproduced, copied, or displayed a copyrighted
> work.

*Forest Park*, 683 F.3d at 432.  Here, Poet brought a claim for unjust enrichment,

then argued that the claim was essentially one sounding in implied-in-law contract.

No matter how Poet colors its claim, it is "not materially different from a claim for

copyright infringement," *id.*, and is preempted.

In *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004), the

Second Circuit held that the "enrichment" element of an unjust enrichment claim did

not make the claim qualitatively different from a copyright infringement claim.

Plaintiff Briarpatch had asserted an unjust enrichment claim against Phoenix on the

ground that Phoenix adapted a screenplay owned by Briarpatch into a movie without

compensating or obtaining permission from Briarpatch.  *Id.* at 306.  The elements of

a claim for unjust enrichment in New York, much like the elements of an unjust

enrichment claim in Florida, required that the plaintiff prove that "(1) defendant was

enriched, (2) at plaintiff's expense, and (3) equity and good conscience mitigate

against permitting defendant to retain what plaintiff is seeking to recover."  *Id.*

(citing *Clark v. Daby*, 751 N.Y.S.2d 622, 623 (N.Y. App. Div. 2002)).  The Second

Circuit held that the second and third elements were covered by copyright

infringement, leaving the enrichment element as a potential extra element.  *Id.*  But

the court held that the enrichment element did not make the claim qualitatively different, because the element "limit[ed] the scope of the claim but le[ft] its fundamental nature unaltered." *Id.*

Other Second Circuit decisions reach the same conclusion. *See Mourabit v. Klein*, 816 F. App'x 574, 579–80 (2d Cir. 2020) ("[W]e conclude that the district court properly dismissed Mourabit's unjust enrichment and unfair competition/misappropriation claims as preempted."); *Baiul v. NBC Sports, a Div. of NBCUniversal Media LLC*, 708 F. App'x 710, 712–13 (2d Cir. 2017) ("We conclude that the Copyright Act preempts the claims asserted by Baiul in her fourth amended complaint: claims under New York law for unjust enrichment, conversion, and accounting.").

The Sixth and Tenth Circuits agree. *See Murray Hill Publ'ns, Inc. v. ABC Comm'ns, Inc.*, 264 F.3d 622, 638 (6th Cir. 2001) ("Here, plaintiffs have pled two implied-in-law contract claims.  Plainly, Count IV, the claim for unjust enrichment, depends on nothing more than WJR's unauthorized use of plaintiffs' work.  Because that claim meets the equivalency requirement of the preemption analysis, we hold that it is preempted."), *abrogated on other grounds*, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1148 (10th Cir. 2009) (holding unjust enrichment claim under Colorado law, with elements essentially identical to Florida law, preempted because allegations that the

defendant "reproduced and distributed [the plaintiff's] reports . . . assert rights that are equivalent to rights under the Copyright Act"); *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 713–14 (6th Cir. 2005) (affirming decision holding unjust enrichment claim preempted); *Ritchie v. Williams*, 395 F.3d 283, 289 (6th Cir. 2005) (same); *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985) (holding unjust enrichment claim under Utah law preempted because it "sought to recover for damage flowing from . . . reproduction and distribution").

Notably, the Second Circuit's decision in *Briarpatch* quoted the premier treatise on copyright law in support of the court's conclusion. *Id.* at 306–07 (quoting 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1][g] (2003), for the proposition that "a state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter"). Another leading copyright treatise likewise places unjust enrichment claims squarely within the ambit of preemption. *See* William F. Patry, *Patry on Copyright* § 18:51 ("The mere phrasing of this claim reveals its preemptive nature: typical unjust enrichment claims are preempted because they are mere attempts to state a claim for damages for unauthorized copying or other activity encompassed by Section 106.").

The district court failed to address any of the extensive federal appellate authority in its analysis. Nor did the district court address the extensive weight of district court authority likewise finding unjust enrichment claims preempted.[5] Instead, the court relied on three unreported district court decisions, two of which are inapposite because they were based on extant contractual agreements. The third, *Davis*, is simply wrong. It explicitly treats claims based on theories of unjust enrichment or implied-in-law contract the same as claims based on the very different theory of implied-in-fact contract (which Poet does not and cannot assert here) for purposes of copyright preemption. *Davis*, 2009 WL 10700120, at *4 ("The claim for unjust enrichment survives preemption for the same reasons as breach of implied-in-law contract and breach of implied-in-fact contract claims: it alleges an 'extra element' that makes it qualitatively different from the copyright infringement claim."). This Court should not become the first federal appellate court to erroneously conflate those differing theories.

---

[5]     *See, e.g., Psychic Readers Network, Inc. v. Take-Two Interactive Software, Inc.*, No. 17-61492-CIV-DIMITROULEAS, 2018 WL 1517690, at *3 (S.D. Fla. Feb. 5, 2018); *Ross v. Apple, Inc.*, No. 16-61471-CIV-WILLIAMS, 2016 WL 8808769, at *5 (S.D. Fla. Dec. 30, 2016); *Appjigger GmbH v. BLU Prods., Inc.*, No. 15-22313-CIV-WILLIAMS, 2016 WL 4119720, at *5 (S.D. Fla. Mar. 7, 2016); *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 135–39 (S.D.N.Y. 2015); *LTVN Holdings, LLC v. Odeh*, No. CCB-09-789, 2010 WL 2612690, at *6 (D. Md. June 25, 2010).

In this case, Poet seeks to protect copyrightable materials from display—the essence of a claim for copyright infringement. Poet's claim is for unjust enrichment, which it later described in its motion to remand as sounding in implied-in-law contract. Whether on its face or as belatedly recast as implied-in-law contract, the claim depends on nothing more than the allegedly inequitable nature of Celebrity's alleged display of copyrightable materials. Such legally imposed obligations are equivalent to the proscriptions set forth in the Copyright Act and are preempted. *Cf. Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997) (holding misappropriation claims based on "concepts such as 'commercial immorality' or society's 'ethics'" preempted because "[s]uch concepts are virtually synonymous for wrongful copying and are in no meaningful fashion distinguishable from infringement of a copyright").

Finally, it is well-settled that when a copyright licensee allegedly continues use of the licensed materials after the expiration or termination of the license, the proper claim that arises is one of copyright infringement. *See MCA Television Ltd. v. Feltner*, 89 F.3d 766, 768 (11th Cir. 1996) (finding that claim for use of licensed television programs after the suspension of the license agreement arose under the Copyright Act); *Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228, 230 (2d Cir. 1982) ("Kamakazi's suit is, was, and always has been based on the Copyright Act. Kamakazi sued Robbins for publishing Manilow works after the

contract between the two had expired.  Once the contract had expired, Robbins was

liable for infringement of Kamakazi's copyright."); *see also Nimmer on Copyright*

§ 10.15 ("After expiration of a license, further exercise by the licensee of the licensed

exploitation rights constitutes copyright infringement.").

The unjust enrichment claim Poet has artfully pled against Celebrity is not

qualitatively different than a copyright claim.  Poet's claim, if it has one, is for

copyright infringement.  The Court should maintain the course charted in its past

preemption decisions, and that of other circuit courts of appeals as well as the leading

commentators, and hold the unjust enrichment claim asserted here against Celebrity

to be preempted by copyright law.

### C. The Copyright Act's Preemption Clause Is Meant to Ensure Uniformity

Congress considered the preemption clause to be a "bedrock provision" of the

1976 Copyright Act because it was key in accomplishing a main objective of the

bill:  a unified statutory scheme for copyright.  H.R. REP. NO. 94-1476, at 129 (1976),

*reprinted in* 1976 U.S.C.C.A.N. 5659, 5745.  The Act aims to make the "rights and

remedies . . . consistent for all copyright holders."   *Foley*, 249 F.3d at 1286.

Congress chose to achieve this goal by preventing "the States from protecting . . . [a

work] even if it fails to achieve Federal statutory copyright because it is too minimal

or lacking in originality to qualify, or because it has fallen into the public domain."

H.R. REP. NO. 94-1476, at 131, 1976 U.S.C.C.A.N. at 5747.  This is because

Congress viewed state law as "interfer[ing] with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain." *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, 237 (1964). Thus, "[r]egardless of when the work was created and whether it is published or unpublished, disseminated or undisseminated, in the public domain or copyrighted under the Federal statute, the States cannot offer it protection equivalent to copyright." H.R. REP. NO. 94-1476, at 130–31, 1976 U.S.C.C.A.N. at 5746.

Poet conceded before the district court that the real reason they did not sue for copyright infringement is that they have not obtained any copyright registrations, so "any infringement claim would have to be dismissed." Doc. 30 – Pg. 3 n.2. But that is the very purpose of preemption: to require that claims over copyrightable material be brought as copyright claims. Preemption ensures that federal copyright law establishes the exclusive scheme for protection of creative works.

Poet asked the court to excuse that fatal flaw because obtaining copyright registrations supposedly takes too long. *Id.* (referencing processing time for copyright registrations). Copyright registration, however, is not a burdensome process and could have been completed in far less time than litigating the removal, remand, and appeal have taken. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 & n.6 (2019) (explaining that processing time

27

for registrations was then seven months, and pointing out the availability of a "special handling" procedure for expediting registrations that are the subject of pending or anticipated litigation).  Poet's proffered excuse for failing to bring a copyright claim thus rings hollow.

Facilitating an unjust enrichment claim where a copyright claim would fail is exactly the mischief that preemption under § 301(a) is intended to prevent.  In keeping with Congress's express will to unify copyright law under a federal standard and provide consistency to copyright holders as well as to accused infringers, this Court should maintain the course that has been followed in this area and hold Poet's unjust enrichment claim preempted by the Copyright Act.

## CONCLUSION

For the foregoing reasons, Celebrity respectfully requests that this Court hold

Poet's unjust enrichment claim against Celebrity to be preempted by the Copyright

Act and reverse the district court's order remanding that claim to state court.

Dated:  April 12, 2021                         Respectfully submitted,

                                               */s/ John C. Carey*
                                               John C. Carey
                                               jcarey@careyrodriguez.com
                                               Juan J. Rodriguez
                                               jrodriguez@careyrodriguez.com
                                               Nicholas J. Doyle
                                               ndoyle@careyrodriguez.com
                                               **CAREY RODRIGUEZ MILIAN, LLP**
                                               1395 Brickell Avenue, Suite 700
                                               Miami, Florida 33131
                                               Tel.: (305) 372-7474

                                               David M. Levine
                                               dlevine@sfl-law.com
                                               **SANCHEZ FISCHER LEVINE, LLP**
                                               1200 Brickell Avenue, Suite 750
                                               Miami, Florida 33131
                                               Tel.: (305) 925-9947

                                               *Counsel for Celebrity Cruises, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) as the brief contains 6,345 words, excluding those parts exempted by 11th Cir. Local R. 32-4.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

*/s/ John C. Carey*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, 7 copies of the brief were dispatched for delivery to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit by third-party commercial carrier for overnight delivery at the following address:

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

On this same date, a copy of the brief was served on all counsel of record via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Catherine B. Simpson*
Counsel Press
1011 East Main Street
Richmond, VA 23219
(804) 648-3664

Filing and service were performed by direction of counsel.